UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREA IRENE LEAH SPREADBURY,<br><br>Plaintiff,<br><br>v.<br><br>SAINT ALPHONSUS BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 1:19-cv-00236-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Andrea Spreadbury's[1] Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. §1915, the Court must review Spreadbury's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Spreadbury's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court will GRANT Spreadbury's application

---

[1] The case caption originally read "Spreadburg" instead of "Spreadbury." Plaintiff's correct last name is "Spreadbury," but due to a misinterpretation of Plaintiff's handwriting, the last letter was deemed to be a "g" instead of a "y." Dkt. 4. This clerical error has now been corrected.

to proceed in forma pauperis. After review of the Complaint, however, the Court must DISMISS the case WITHOUT PREJUDICE. The Court will allow Spreadbury an opportunity to amend her Complaint.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has examined Spreadbury's application to proceed in forma pauperis and finds it establishes her indigence. To begin, Spreadbury swears or affirms under penalty of perjury that she is unable to pay the filing fee at the time of filing as a result of her poverty. Dkt. 1. Spreadbury's indicates her only source of income is from disability, her only asset a checking account containing $73.00, and her expenses for the basic necessities of food, shelter, and clothing nearly equates to her limited income. *Id.* Thus, Spreadbury qualifies

for in forma pauperis status and her application is GRANTED. Spreadbury need not pay the filing fee in order to proceed.

As will be explained in the next section, though, the Court must dismiss this case for the time being due to Spreadbury's inadequate allegations. The Court next turns to its initial review of Spreadbury's Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, the Complaint fails to state a claim upon which relief can be granted. In fact, it makes no allegations whatsoever. Spreadbury names herself and the defendant but

provides no other information. The cover sheet for her Complaint gives a bit more information by indicating she is suing under "1983" for "violation of 8th and 11th Amendments," which the Court construes as a civil rights violation pursuant to 42 U.S.C. § 1983.

Outside of her pleadings, Spreadbury included some information in a letter she filed shortly after she filed her Complaint. Dkt. 4. In this letter, Spreadbury indicates the proper spelling of her last name and states that she was improperly incarcerated at St. Alphonsus Medical Hospital. This information is a step in the right direction, but still falls woefully short of making a plausible claim for relief. Further, this information—and much more—must be included in a complaint, not in a letter.

In sum, the Court must dismiss a complaint if there are no facts alleged in the Complaint for the Court to review. Spreadbury's Complaint contains no claims or facts at all and therefore must be dismissed.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Spreadbury may be able to state a claim upon which relief can be granted, the Court will allow her an opportunity to amend her Complaint to remedy its deficiencies. Namely, Spreadbury must detail the factual background giving rise to her claim under 42 U.S.C. § 1983 and the 8th and 11th Amendments. Though these laws provide the Court with guidance as to subject matter jurisdiction and the types of claims being made, they must be supported with facts.

## IV. CONCLUSION

Spreadbury's application to proceed in forma pauperis establishes her indigency. However, the Court finds that Spreadbury has not sufficiently supported her claims with facts and must amend her Complaint.

## V. ORDER

1. Spreadbury's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is GRANTED.

2. Spreadbury's Complaint (Dkt. 2) is deficient as she has not provided any supporting facts to her claims. Her Complaint is therefore DISMISSED WITHOUT PREJUDICE. The Court grants Spreadbury leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Spreadbury must file her Amended Complaint within sixty (60) days of the issuance of this Order.

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: October 9, 2019

David C. Nye
Chief U.S. District Court Judge